IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

LAUREN CARL CARTER and
LATASHA M. GOUDY, individually
and on behalf of others similarly situated                           PLAINTIFFS

v.                                                           CIVIL ACTION # 2:08cv164-KS-MTP

MARSHALL DURBIN FOOD CORPORATION                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion for civil gag order [Doc. #16] filed by Defendant Marshall Durbin Food Corporation ("Marshall Durbin") and on the motion to preclude further notice to potential plaintiffs and to preclude further filing of opt-in consent forms [Doc. #18] by Marshall Durbin. For reasons to follow, both motions should be **denied**.

## I. BACKGROUND

In the instant litigation the Plaintiffs bring a Fair Labor Standards Act ("FLSA") claim, alleging that Marshall Durbin violated the FLSA's overtime pay provisions. This case is closely connected with another case before this Court, *Conerly v. Marshall Durbin*, 2:06CV205. In the *Conerly* case, this Court approved a notice procedure, which provided the plaintiffs with the opportunity to notify all potential plaintiffs of their opportunity to opt-in to the case. The Court's order in *Conerly*, issued on December 18, 2007 (the "*Conerly* Order"), provided deadlines for the Plaintiffs to mail Court approved notices and for potential plaintiffs to opt-in. The latter deadline was set for March 28, 2008. Several of the Plaintiffs in this case, had attempted to opt-in as Plaintiffs in the *Conerly* case but did not file their consents before the March 28, 2008, deadline. The Plaintiffs' claims in this case appear to be identical to the

plaintiffs' claims in the *Conerly* case.

The Plaintiffs filed suit in this case on August 5, 2008. On October 1, 2008, the *Hattiesburg American* newspaper published an article about the suit. *See* Valerie Wells, *Marshall Durbin Gets Second Lawsuit*, HATTIESBURG AMERICAN, Oct. 1, 2008. In the article, Plaintiffs' counsel Seth Hunter was quoted three times. *Id.* Hunter was quoted as saying:

> We are seeking to have past and present employees compensated for the wages that they have been, and are, entitled to under the law

> The second lawsuit was filed in order to include workers who may not have been able to join in the first lawsuit due to time constraints or who simply were not aware of the first lawsuit

> We allege that all of these jobs are required tasks of the employees and that the employees should be paid for them

*Id.* In its motion for a civil gag order, Marshall Durbin contends that the news coverage has jeopardized its constitutional right to a fair trial. Def.'s Br. at 6-8. [Doc. #17] (November 10, 2008). In addition, Marshall Durbin contends that by speaking with the news media, Hunter violated the *Conerly* Order. *See id.* at 6. Similarly, Marshall Durbin contends that the *Conerly* Order supports their motion to preclude further notice to potential plaintiffs and to preclude further filing of opt-in consent forms. Since August 2009, when they filed their complaint in this case, the Plaintiffs have filed three Notices of Filing Notice of Consents, listing 28 additional potential plaintiffs.

## I. LAW AND ANALYSIS

### A. Civil Gag Order

"The Supreme Court has routinely held that prior restraints on protected speech are presumed to be constitutionally invalid." *Davis v. East Baton Rouge Parish Sch. Bd.*, 78 F.3d

920, 928 (5th Cir. 1996). "Prior restraints are 'administrative and judicial orders forbidding certain communications when issued in advance of the time that such communications are to occur.' " *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 579 (5th Cir. 2005) (quoting *Alexander v. United States*, 509 U.S. 544, 550 (1993)). "Any system of prior restraints on communication bears a heavy presumption against its constitutional validity." *Id.* A prior restraint is constitutional only if the government demonstrates that the protected speech restrained poses a "clear and present danger, or a serious or imminent threat to a protected competing interest." *CBS Inc. v. Young*, 522 F.2d 234, 238 (6th Cir. 1975), *quoted in Davis*, 78 F.3d at 928; *see also Singh*, 428 F.3d at 579 (requiring "exceptional circumstances" to justify a prior restraint). Furthermore, "the restraint must be narrowly drawn and cannot be upheld if reasonable alternatives are available having a lesser impact on First Amendment freedoms." *Davis*, 78 F.3d at 928. A court order prohibiting an attorney or party from commenting on the subject matter before the court constitutes a prior restraint on speech. *Id.* The First Amendment protects both the speakers' right to speak and a new agency's right to receive the protected speech in an effort to gather the news. *Id.* at 926.

Here, any order by this Court prohibiting Plaintiffs' counsel from speaking with the news media about this case would constitute a prior restraint. Accordingly, Marshall Durbin has the burden of demonstrating how such speech poses "a serious or imminent threat to a protected competing interest." *Id.* at 928. In an attempt to meet this burden, Marshall Durbin argues that Plaintiffs' counsel's speech could have the adverse affect of prejudicing Marshall Durbin's right to a fair trial by creating bias among potential jurors. The Court assumes that this concern would constitute a sufficiently serious protected competing interest if it were properly established. The

3

Court finds, however, that Marshall Durbin has completely failed to establish any reasonable likelihood that the risk is present in this case. Plaintiffs' counsel's comments to the news media, quoted above, posed little if any risk of creating bias among potential jurors. Indeed, they convey basically no information that an interested person could not learn from reading the unsealed pleadings in this case.

Furthermore, Plaintiffs' counsel is already constrained by the Mississippi Rules of Professional conduct which, *inter alia*, admonish lawyers to "not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding." MISS. RULES OF PROF'L CONDUCT R. 3.6(a). The Court recognizes that counsel therefore already has good incentive to limit any further comments to the news media, especially if such comments could potentially prejudice the proceedings before this Court.

Finally, the Court did not intend the *Conerly* Order to be a restraint on Plaintiffs' counsel's freedom to speak with the news media. Nor does the Court, having reviewed the *Conerly* Order, construe the *Conerly* Order as having that effect. There is no language in the *Conerly* Order that purports to limit the ability of Plaintiffs' counsel from speaking with the news media or from speaking with potential plaintiffs. In short, the *Conerly* Order governed the notice procedure in the *Conerly* case only; it was not intended to – nor did it have the effect of – restraining Plaintiffs' counsel in the manner argued by Marshall Durbin.

Because the remarks by Plaintiffs' counsel were not likely to be prejudicial to the litigation of this case, Plaintiffs' counsel is already restrained by the Mississippi Rules of

4

Professional Conduct, and because the *Conerly* Order has no bearing on the issue, the Court holds that the motion for civil gag order is not well taken and should be denied.

### B. Notice and Opt-In Consent Forms

In Marshall Durbin's second motion, Marshall Durbin seeks a Court "order that (1) Plaintiffs may not notify, by any means, any further former or current employees of Marshall Durbin of the instant action and (2) no further Plaintiffs may file consent forms in the instant action." Def.'s Mot. at 6 [Doc. #18] (November 10, 2008). Marshall Durbin justifies its motion on the basis that the "Plaintiffs failed to comply with the [*Conerly*] Order." Def.'s Br. at 2 [Doc. #19] (November 10, 2008). The Court deems this motion to be completely without merit for two reasons.

First, as stated, the Court does not find that the *Conerly* Order has any bearing on the case at bar. The *Conerly* Order governed the notice procedures in the *Conerly* case. While the *Conerly* Order required the *Conerly* plaintiffs to provide a specific notice to potential plaintiffs, it did not bar the plaintiffs or their counsel from communicating with potential plaintiffs in other ways. Moreover, the *Conerly* Order certainly did not purport to limit any potential plaintiffs' rights to litigate the case. More to the point, despite any similarities or commonalities between this case and the *Conerly* case, neither the *Conerly* Order nor any other order in the *Conerly* case affecting deadlines and/or notice procedures is binding on the parties in this litigation. Accordingly, the Court does not find that the Plaintiffs are attempting to circumvent the *Conerly* Order and finds no basis for granting Marshall Durbin's motion.

Second, Marshall Durbin has failed to establish that the sought after restrictions on the First Amendment rights of the Plaintiffs and their counsel are supported by "clear and present

danger, or a serious or imminent threat to a protected competing interest." *Davis*, 78 F.3d at 928. Instead, the sole justification offered by Marshall Durbin for such a drastic action is that the Plaintiffs "should not be allowed to circumvent" the *Conerly* Order. Def.'s Mot. at 5 [Doc. #18]. Having rejected that justification already, the Court notes that it finds no other justification for restricting the speech of the Plaintiffs or their counsel. Similarly, the court finds no justification for barring other potential plaintiffs from pursuing their FLSA claims in this case.[1] As a result, Marshal Durbin's motion must be denied.

## IV. CONCLUSION

Having reviewed the record of this case as well as that of the *Conerly* case, the Court has found no convincing justification for either of the Defendant's motions.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant's motion for civil gag order [Doc. #16] is **denied**. FURTHERMORE, IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant's motion to preclude further notice to potential plaintiffs and to preclude further filing of opt-in consent forms [Doc. #18] is **denied**.

SO ORDERED AND ADJUDGED on this, the 22nd day of January, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that the two-year statute of limitations in FLSA cases continues to run until a plaintiff opts-in to the case. *See* 29 U.S.C. § 216(b). Accordingly, any attempt to restrict a party's freedom to contact potential plaintiffs must be eyed with skepticism.